IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BILL GONZALES,

    Plaintiff,

v.                                         NO. CIV 22-0899 LF/KK

STONE CREEK OPERATING, LLC,
SCO PERMIAN, LLC, and JOHN T.
TARKINGTON, INC.,

    Defendants.

**ORDER GRANTING IN PART JOINT MOTION TO
VACATE CASE MANAGEMENT DEADLINES AND
ORDERING AMENDED JOINT STATUS REPORT
AND PROVISIONAL DISCOVERY PLAN**

Upon consideration of Plaintiff and Stone Creek Operating, LLC's Joint Motion to Vacate all Deadlines in the Order Adopting Joint Status Report and Provisional Discovery Plan with Changes and Setting Case Management Deadlines ("Joint Motion to Vacate Case Management Deadlines") (Doc. 37), the Court, having reviewed the motion and being otherwise fully advised, FINDS that the motion will be GRANTED IN PART.

In their Joint Motion to Vacate Case Management Deadlines, Plaintiff and Defendant Stone Creek Operating, LLC ("Defendant Stone Creek") submit that good cause exists to vacate the case management deadlines established in the Court's January 27, 2023 Order Adopting Joint Status Report and Provisional Discovery Plan with Changes and Setting Case Management Deadlines (hereinafter "Scheduling Order"). (Doc. 37 at 1.) Specifically, the parties note that, since the Initial Scheduling Conference and entry of the Scheduling Order, Plaintiff has twice amended his Complaint. (*Id*. at 2-3.) First, on April 5, 2023, Plaintiff filed an Amended Complaint, adding Defendant SCO Permian, LLC. (Doc. 29.) Then, on May 4, 2023, Plaintiff filed a Second Amended Complaint, adding Defendant John T. Tarkington, Inc. (Doc. 36.) Plaintiff and Defendant Stone

Creek point out that neither Defendant SCO Permian, LLC nor Defendant John T. Tarkington, Inc. have yet to file a responsive pleading, nor has an attorney entered their appearance on behalf of either newly-added defendant. (Doc. 37 at 2-3.) Plaintiff and Defendant Stone Creek suggest that it would be improper to proceed with a deposition of Plaintiff "without affording Defendant John T. Tarkington, Inc. a reasonable opportunity to participate in selecting a time and date for the deposition." (*Id*. at 3.) They further submit that the "current case management deadlines are unworkable" due to the addition of two new defendants. (*Id*.)

Plaintiff and Defendant Stone Creek note that there is no trial setting in this case. (*Id*.) As such, they contend that vacating the Scheduling Order and the case management deadlines altogether will conserve resources and provide a fair opportunity for all parties to participate in all aspects of litigation. (*Id*.)

While the Court agrees that good cause exists to extend the previously-established case management deadlines in light of the recent amendments to Plaintiff's complaint, it will not altogether vacate case management deadlines in this case. Instead, it will order that Counsel and any *pro se* parties "meet and confer" no later than 10 days after Defendants SCO Permian, LLC and John T. Tarkington, Inc. file responsive pleading to Plaintiff's Second Amended Complaint, to discuss: (1) the nature and bases of their claims and defenses; (2) the possibility of a prompt resolution or settlement; (3) making or arranging for complete initial disclosures as required by Rule 26(a)(1); (4) preserving discoverable information; and, (5) the formulation of a provisional discovery plan. Fed. R. Civ. P. 26(a)(1), (f). In formulating a provisional discovery plan, counsel and *pro se* parties should meaningfully discuss: (i) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to particular issues; (ii) any issues about the disclosure, discovery, or preservation of

electronically stored information, including the form(s) in which it should be produced; (iii) any issues about claims of privilege or confidentiality of materials, including exploring whether the parties can agree on a procedure to assert these claims and whether they will ask the Court to include any agreement in an order; (iv) whether any changes should be sought to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules; and, (v) the facts and the law governing the case to which the parties are willing to stipulate.

No later than twenty (20) days after Defendants SCO Permian, LLC and John T. Tarkington, Inc. file responsive pleadings to Plaintiff's Second Amended Complaint, the parties are ordered to file an Amended Joint Status Report and Provisional Discovery Plan, to include proposed amended case management deadlines. The Court will determine amended case management deadlines after considering the parties' requests.

If service is not effected on either Defendant SCO Permian, LLC or Defendant John T. Tarkington within thirty (30) days of entry of this Order, Plaintiff is ordered to submit a status report detailing his efforts at effecting service.

IT IS THEREFORE ORDERED that Plaintiff and Stone Creek Operating, LLC's Joint Motion to Vacate all Deadlines in the Order Adopting Joint Status Report and Provisional Discovery Plan with Changes and Setting Case Management Deadlines (Doc. 37) is GRANTED IN PART to the extent that pretrial deadlines established in the Court's January 27, 2023 Scheduling Order are extended as described herein.

IT IS FURTHER ORDERED that no later than ten (10) days after Defendants SCO Permian, LLC and John T. Tarkington, Inc. file responsive pleading to Plaintiff's Second Amended Complaint, the parties must meet and confer. No later than twenty (20) days after Defendants SCO Permian, LLC and John T. Tarkington, Inc. file responsive pleadings to Plaintiff's Second

Amended Complaint, the parties are ordered to file an Amended Joint Status Report and Provisional Discovery Plan, to include proposed amended case management deadlines.

IT IS FURTHER ORDERED THAT if service is not effected on either Defendant SCO Permian, LLC or Defendant John T. Tarkington within thirty (30) days of entry of this Order, Plaintiff is ordered to submit a status report detailing his efforts at effecting service.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE